IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONALD E. HARRIS, II,

:

    Petitioner,                               Case No. 3:12-cv-410

:        District Judge Walter Herbert Rice
  -vs-                                     Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Ronald Harris has brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Champaign County Common Pleas Court for felonious assault, improperly discharging a firearm into a habitation, and having weapons under disability. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Petition reveals that Harris previously filed a habeas corpus petition in this Court attacking the same judgment, *Harris v. Warden,* case No. 3:09-cv-060. That case was dismissed with prejudice by District Judge Black on recommendation of Magistrate Judge Newman on

December 6, 2011 (Doc. No. 29). On August 22, 2012, the Sixth Circuit Court of Appeals denied a certificate of appealability in that case (*Harris v. Warden*, 6th Cir. Case No. 12-3174, copy at Doc. No. 42). Docketed in the same case is a prior Order of the Sixth Circuit denying Harris's motion for an order authorizing the district court to consider a second or successive petition related to the same conviction (*In re: Harris*, 6th Cir. Case No. 10-3254, copy at Doc. No. 19).

Under 28 U.S.C. § 2244(b), a habeas petitioner may not proceed on a second or successive application unless he or she has obtained permission to do so from the Circuit Court of Appeals. District courts lack jurisdiction to proceed on such a petition without permission from the appellate court. *Burton v. Stewart*, 549 U.S. 147 (2007). Because Harris has not received permission from the Sixth Circuit to proceed on this second or successive petition, it should be dismissed for lack of jurisdiction. Because the Sixth Circuit has already denied Harris permission to proceed on a second or successive petition, it would be futile to transfer the case to that court under *In re Sims,* 111 F.3d 45 (6th Cir. 1997).

December 10, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).